**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DAVID BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  14-1168-MLB |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This is an action reviewing the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits and supplemental security income payments.  The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 11, 16).

**I. General Legal Standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a

quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find

non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

   The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487. Before going from step three to step four, the agency will assess the

claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); 404.1520(f, g).

## II. History of Case

On March 6, 2013, administrative law judge (ALJ) Michael Comisky issued his decision. (R. at 10-21). Plaintiff alleged that his disability began January 1, 2005 (R. at 10). At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date (R. at 12). At step two, the ALJ found that plaintiff had the following severe impairments: right ankle fracture, affective disorder, degenerative disc disease of the cervical spine and substance abuse disorder (R. at 12). At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 13-14). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could not perform past relevant work. (R. at 19-20). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform and therefore concluded that plaintiff was not disabled at any time. (R. at 20-21).

## III. Analysis

Plaintiff alleges that the ALJ erred in determining his RFC by failing to include all of plaintiff's limitations and by not supporting the findings with medical evidence.

Step four of the sequential analysis requires the ALJ to evaluate a claimant's physical and mental residual functional capacity (RFC) and make specific findings. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). RFC represents the most that the claimant can still

do despite his limitations. 20 C.F.R. § 404.1545(a)(1). In determining the RFC, an ALJ should assess the nature and extent of the claimant's physical limitations and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996).

The ALJ determined plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). He can lift/carry 20 pounds occasionally, 10 pounds frequently. He can stand/walk 2 hours in an 8-hour workday. He can sit 6 hours in an 8-hour workday. He can push/pull in the limits given. He should not use ladders, ropes, or scaffolds. He can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He should also avoid concentrated exposure to extreme cold and vibration. In addition, the claimant can understand and remember simple instruction and can perform simple tasks with adequate concentration over a normal workweek.

(Tr. at 15).

Plaintiff argues that his RFC is not fully supported by the medical evidence because it does not include the limitation that plaintiff must use a cane to ambulate. Plaintiff contends that the medical evidence supports this limitation. Dr. Tawadros, an agency medical consultant, noted in her report that plaintiff used a cane. (R. at 78). Dr. Jill Johnson also noted that plaintiff used "an assistive device." (R. at 545).[1] Dr. Garner, an examining physician, opined that plaintiff "requires the use of his cane for any

---

[1] Notably, in discussing Dr. Johnson's opinion, the ALJ cited Dr. Johnson's report to support her findings for plaintiff's range of motion but failed to address Dr. Johnson's notation that plaintiff used an assistive device during the exam. (R. at 17, 545).

ambulation."  (R. at 536).

In the decision, the ALJ discussed Dr. Garner's opinion with respect to the use of the cane as follows:

> [Dr. Garner] did believe the claimant requires the use of his cane for ambulation however (Exhibit C15F).  Because this examining physician's opinion is supported by the findings on examination and is generally consistent with the other physical evidence contained in the file, the undersigned accords it considerable weight in reaching a conclusion as to the claimant's physical residual functional capacity (20 CFR 416.927).  However, it appears from this opinion that the claimant's need for a cane with ambulation, may be due to the alcoholic neuropathy causing an unstable gait.

(R. at 17).

The ALJ's discussion of Dr. Garner's opinion is not clear.  The ALJ stated that he gave Dr. Garner's entire opinion "considerable weight" but it is unclear whether the opinion concerning the cane was rejected.[2]  If the opinion concerning the cane was rejected, there is no indication in the decision that Dr. Garner's opinion was incorrect or unsupported by medical evidence.[3]  Notably, every physician reviewing plaintiff's records discussed plaintiff's use of a cane. An ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Hamlin v. Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004).  The ALJ failed to do so here.

---

[2] The commissioner argues that the decision is supported by the medical evidence because it is "evident from the record" that the ALJ considered the effect of the cane and incorporated it into the RFC findings. (Doc. 16 at 8).  The court cannot assume that the ALJ's RFC findings include the use of a cane when the record is silent on the issue.

[3] There does not appear to be any evidence in the record which would contradict plaintiff's need to use a cane for ambulation.

Therefore, this case must be remanded for the ALJ to make adequate findings regarding plaintiff's use of a cane. If the ALJ chooses to reject the use of a cane, he must discuss the reason why he is rejecting it. See id. If the ALJ decides to add the use of a cane to the RFC, the ALJ must supplement the record by proposing a correct hypothetical to the vocational expert.[4]

Accordingly, the ALJ's failure to specifically address plaintiff's need to utilize a cane for ambulation in the decision was error. Grogan v. Barnhart, 399 F.3d 1257, 1266 (10th Cir. 2005)(error for ALJ not to discuss uncontroverted evidence he chooses not to rely on.) Otherwise, the ALJ's opinion is supported by substantial evidence.

## IV. Conclusion

Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is reversed and remanded for further proceedings consistent with this memorandum and order.

IT IS SO ORDERED.

Dated this   21st   day of August 2015, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff's counsel questioned the vocational expert about the use of the cane. The vocational expert testified that plaintiff would need to use both hands while working. (R. at 46). In light of this testimony, the vocational expert could conclude that there are not jobs that exist in significant numbers in the national economy that plaintiff could perform with the additional limitation of a cane for ambulation.

-7-