IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID BEARD,

          Plaintiff,

v.                                          Case No. 6:14-cv-01168-JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff David Beard's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Dkt. 20. The Commissioner opposes the motion, arguing that her position in the litigation was substantially justified within the meaning of the EAJA. Dkt. 23.

**I. Background**

Plaintiff sought supplemental security income (SSI) benefits in an application dated March 2, 2011. After plaintiff's claim was denied initially and upon reconsideration, he requested and received an evidentiary hearing before an ALJ. The ALJ ultimately determined that despite plaintiff's impairments, he was capable of performing light unskilled jobs such as Production Assembler, Bench Assembler and Small Parts Assembler, and was therefore not disabled within the meaning of the Social Security Act.

Upon review, Judge Belot determined that the ALJ failed to make adequate findings concerning plaintiff's use of a cane. Dkt. 18. Although several doctors indicated that plaintiff needed a cane for walking, the ALJ made ambiguous findings on that point. The ALJ stated that he gave "considerable weight" to the opinion of Dr. Garner (who believed that plaintiff needed a cane), but added that the need for a cane "may be due to the alcoholic neuropathy causing an unstable gait." The ALJ failed to address the issue any further and did not discuss it in connection with plaintiff's RFC or in hypothetical questions to the vocational expert. Judge Belot noted it was "unclear whether the opinion concerning use of the cane was rejected." He found a remand was necessary because the ALJ must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Dkt. 18 at 6 (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004)).

## II. Legal Standards

The EAJA requires a court to award fees and other expenses to a prevailing party in a suit against an agency of the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995). A plaintiff who obtains a sentence four remand under 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

The Commissioner bears the burden to show that her position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "A position can be

justified even though it is not correct, and . . . can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). "In determining whether the Commissioner's position was substantially justified, the court focuses on the issue(s) that led to remand—not the issue of disability." *Brooks v. Barnhart*, 2006 U.S. Dist. LEXIS 95143, at *2 (D. Kan. Sept. 25, 2006) (internal citations omitted). It remains, however, the burden of the party seeking the award to show that both the hourly rate and the number of hours expended is reasonable under the circumstances. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Brooks*, 2006 U.S. Dist. LEXIS 95143, at *5.

### III. Discussion

In opposing plaintiff's argument for a remand in this case, the Commissioner argued it was "evident" that the ALJ had "considered the effect of Plaintiff's cane on his functional abilities and incorporated it into his residual functional capacity finding…." Dkt. 16 at 8. The Commissioner now argues that this position was substantially justified, because the ALJ clearly knew of the cane issue but that "it seemingly resulted in no additional limitations beyond those already found by the ALJ" and thus "the use of a cane hardly needed to be noted" in the RFC determination. Dkt. 23 at 4.

As the Commissioner's own brief makes clear, the Commissioner's argument was essentially that the need for a cane was somehow incorporated into plaintiff's RFC despite the fact that it was never mentioned. Dkt. 23 at 3 ("[t]he Commissioner argued that it was evident that the ALJ had incorporated Plaintiff's use of a cane into the residual capacity finding, even though the words 'use of a cane' did not appear in that

3

finding."). The court finds that this argument was based on an unreasonable factual premise and was not substantially justified.

Plaintiff requests total reimbursement in this case in the amount of $4,687.50, representing 25 total hours of work at a rate of $187.50 per hour. Dkts. 20-1, 24-1. The Commissioner raises no objection to these figures. The court finds that the hours expended, the hourly rate, and the total compensation sought are all reasonable and appropriate. Although there is a general statutory rate of $125 per hour, the court has discretion to award a higher rate based on an increase in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A). The inflation-adjusted rate sought by counsel is appropriate in this case. Additionally, the court concludes that the expenditure of 25 hours, as itemized in plaintiff's time sheet, was reasonably expended and was necessary to obtain the result in this case.

As the Commissioner correctly points out, the award must be made payable to plaintiff as the prevailing party, rather than to her counsel. Dkt. 23 at 4-5, n. 1.

**IT IS THEREFORE ORDERED** this 4th day of January, 2016, that plaintiff's Motion for Attorney Fees (Dkt. 20) is GRANTED in the amount of $4,687.50.

                                                                           s/ J. Thomas Marten
                                                                         J. THOMAS MARTEN, JUDGE